# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY MOSES, Individually and on Behalf of All Other Similarly Situated Consumers | : : : : | CIVIL ACTION |
| v. | : : | |
| MIDLAND CREDIT MANAGEMENT, INC. | : | NO. 19-3115 |

## MEMORANDUM OPINION

Savage, J.                                                                                        April 13, 2020

Midland Funding LLC ("MF"), which owns plaintiff Tiffany Moses's delinquent account from Synchrony Bank, filed a motion under Federal Rule of Civil Procedure 24(a)(2) to intervene in this action brought against Midland Credit Management, Inc. ("MCM"), a debt collector, for violations of the Fair Debt Collection Practices Act.[1] MF is essentially seeking intervention so it can assert its agreement to arbitrate with Moses on behalf of the debt collector in this action. We denied the motion and now explain why.

To intervene as of right, the applicant must satisfy four requirements. First, the application must be timely. Second, the applicant must have a sufficient interest in the litigation. Third, there must be a "threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action." Fourth, the interest will not be adequately represented by the parties. *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) (citing *Mountain Top Condo Ass'n v. Dan Stabbert Master Builder, Inc.*, 72 F.3d 361, 365 (3d Cir. 1995)).

---

[1] 15 U.S.C. § 15692, *et. seq.*

*Timeliness*

Plaintiff served her complaint on MCM on September 5, 2019, and MCM answered it on September 26, 2019. The motion to intervene, filed by the same counsel representing MCM, was not filed until November 27, 2019.

MF does not explain why it waited two months to file its motion to intervene. Nonetheless, we do not find the motion untimely. *See Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (courts "maintain a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene") (quotations omitted).

*Protectable Interest*

To satisfy the second requirement, the applicant must have a "significantly protectable" interest in "the property or transaction which is the subject of the action." *Id.* at 970 (quoting *Donaldson v. United States*, 400 U.S. 517 (1971). The interest must be definable and tangible, not remote and attenuated. *Mountain Top*, 72 F.3d at 366.

MF defines its interest as follows: it "would be 'practically disadvantaged' by a ruling that precluded MF's servicers from communicating options for account resolution to consumers."[2] What MF actually wants is to invoke its arbitration agreement, assuming there is an enforceable one.

This action does not challenge the validity of the debt. The plaintiff does not dispute that she owes the money to MF. What she challenges is the debt collector's, not the creditor's, debt collection practices. In short, at issue is MCM's collection practices,

---

[2] MF's Memo. in Supp. of Mot. to Intervene at 5 (Doc. No. 15-1).

not MF's entitlement to the debt.   Thus, MF's interest, if any, is tangential and attenuated.

*Impairment of Interest*

MF argues that its interest will be impaired if this case proceeds "to have claims against servicers decided in individual capacities rather than a class action . . . ."[3]   This argument reveals the true motivation for MF's motion.   MF wants to protect its collector's collection practices, not its right to collect.

We reiterate that MF's entitlement to collect the debt is not at issue in this case.   That interest will not be impaired or affected by the disposition in this case.   If the plaintiff succeeds, MF's accounts will not be affected.   The debtors will still be responsible for paying MF.   In the meantime, their obligation to MF will remain and MF may continue to collect outstanding account balances.

As to arbitration, a decision in favor of the plaintiff will not affect MF's relationship with her.   MF can move to compel arbitration if plaintiff disputes she owes the debt.   At this time in this action, she does not.

*Inadequacy of Representation*

MF contends only it, not MCM, can invoke the arbitration agreement it seeks to inject into this FDCPA action.   It argues it is the only entity capable of protecting its legal and contractual rights in the Credit Card Agreement with the plaintiff.

Again, this action does not involve MF's entitlement to collect debts.   Nor does it implicate the Credit Card Agreement.   It is an action challenging the debt collection practices of MCM, which is represented by the same able counsel.   Thus, to the extent

---

[3] *Id.* at 6.

it has an interest, albeit tangential and attenuated, MCM's counsel can represent it.